**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRISTOPHER DREIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-446-M |
| | ) |
| ACCORD HUMAN RESOURCES, and | ) |
| CONTEMPORARY CABINETS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is plaintiff's Motion to Quash Subpoenas and to Issue a Protective Order, filed August 27, 2008. On September 15, 2008, defendants filed their response, and on September 26, 2008, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

The instant action involves claims of disability discrimination in the form of failure to accommodate plaintiff's disability and retaliation for complaining of such discrimination. On August 14, 2008, defendant Accord Human Resources ("Accord") issued amended subpoenas to plaintiff's former employer, Insulation Experts, Inc., and plaintiff's current employer, Professional Presenters, seeking all personnel records of plaintiff without any limitation.

II.  Discussion

Plaintiff moves the Court to quash the subpoenas or modify the subpoenas to limit them to plaintiff's prior claims of discrimination and, for plaintiff's current employer only, documents related to plaintiff's wages and benefits, and to grant a protective order. In its response, Accord states that it agrees to limit its requests to the following documents related to plaintiff's employment:

(1) resumes, (2) job descriptions, (3) payroll records, W-2 forms and W-4 forms (subsequent employer only), (4) performance evaluations, (5) statements, notes and reports of fellow employees regarding plaintiff, (6) attendance records, (7) requests for accommodation, and (8) safety related warnings, reprimands or incident reports, including reports of work related injuries.  Thus, having reviewed the parties' submissions, the Court finds the only areas of dispute now are whether defendants are entitled to discover: (1) performance evaluations, (2) documents relating to statements and reports by co-employees of plaintiff, and (3) safety records, including warnings, reprimands or incident reports.

Protective orders are governed by Federal Rule of Civil Procedure 26(c).  That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*          \*          \*
>
> (A) forbidding the disclosure or discovery;
>
> \*          \*          \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for his request.  *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978).  "'Good cause' within the

meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

### A.    Performance evaluations

Defendants state that plaintiff has alleged that he is unable to understand instructions and fulfill his duties without an interpreter or written communications and, therefore, assert that performance evaluations from plaintiff's other employers are relevant in that they are likely to show the extent to which plaintiff was able to perform similar duties without such alleged accommodations. Defendants further contend that if plaintiff was or is performing his prior or current job duties without such accommodations, it tends to show that the alleged accommodations were in fact not necessary and may impact plaintiff's credibility. Plaintiff, however, asserts that whether he was able to fulfill his job duties with or without accommodations at a different employer is not relevant to whether defendants accommodated or retaliated against plaintiff and that defendants are more likely seeking such documents to show that plaintiff performed poorly at other jobs and because of such performance, plaintiff's termination from defendants was justified.

Having carefully reviewed the parties' submissions, the Court finds that performance evaluations from plaintiff's other employers are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

B.  Documents relating to statements and reports by co-employees of plaintiff

Accord asserts that it has requested statements, notes, and reports of fellow employees because they are likely to reflect whether plaintiff was able to fulfill his job duties without assistance at other facilities, including whether or not co-employees had to record or transcribe meetings. Because plaintiff has alleged that written communications are his primary means of communicating during his job, defendants contend that written statements or reports by fellow employees regarding plaintiff are relevant or at least reasonably calculated to lead to the discovery of admissible evidence. Plaintiff, however, contends that there is no relevant purpose for seeking such documents.

Having carefully reviewed the parties' submissions, the Court finds that documents relating to statements and reports by co-employees of plaintiff are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

C.  Safety records, including warnings, reprimands or incident reports

Defendants contend safety records are relevant to plaintiff's allegations regarding his inability to understand what was occurring during safety meetings. Specifically, defendants state that plaintiff alleges that in order to understand the instructions and fulfill his duties, plaintiff

required assistance in hearing or otherwise having the instructions communicated. Defendants, therefore, contend that an absence of prior safety violations could tend to corroborate plaintiff's ability to perform his duties safely without the accommodation he allegedly required from defendants. Plaintiff, however, contends that these safety records are not relevant to why plaintiff was terminated by these defendants.

Having carefully reviewed the parties' submissions, the Court finds that safety records, including warnings, reprimands or incident reports, are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Quash Subpoenas and to Issue a Protective Order [docket no. 33] as follows:

(A) The Court DENIES the motion as to the following documents: (1) resumes, (2) job descriptions, (3) payroll records, W-2 forms and W-4 forms (as to plaintiff's subsequent employer only), (4) performance evaluations, (5) statements, notes and reports of fellow employees regarding plaintiff, (6) attendance records, (7) requests for accommodation, and (8) safety related warnings, reprimands or incident reports, including reports of work related injuries, and

(B) The Court GRANTS the motion as to any personnel records other than those set forth in part A above.

**IT IS SO ORDERED this 6th day of October, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE